IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| JUAN GOMEZ PEREZ,<br>    Petitioner, | § § § | |
| v. | § | Civil Action No. 4:08-CV-661-A |
| NATHANIEL QUARTERMAN, Director,<br>Texas Department of Criminal Justice,<br>Correctional Institutions Division,<br>    Respondent. | § § § § § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE
## AND NOTICE AND ORDER

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions, and Recommendation of the United States Magistrate Judge are as follows:

### I. FINDINGS AND CONCLUSIONS

#### A. NATURE OF THE CASE

This is a petition for writ of habeas corpus by a state prisoner under 28 U.S.C. § 2254.

#### B. PARTIES

Petitioner Juan Gomez Perez, TDCJ-ID #1172140, is in custody of the Texas Department of Criminal Justice, Correctional Institutions Division, in Iowa Park.

Respondent Nathaniel Quarterman is the Director of the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ).

#### C. FACTUAL AND PROCEDURAL HISTORY

By way of this petition, Perez challenges a disciplinary proceeding conducted at the Briscoe

Unit and the resultant reduction in line class status from S3 to L3 and loss of 90 days good time. (Disciplinary Hrg. R. at 1) Perez was charged in Disciplinary Case No. 20080303174 with intentionally or knowingly threatening another with imminent bodily injury, a felony as defined by state law in violation of § 22.01 (assault) of the Texas Penal Code, a code 10.0 violation. (*Id*. at 1-2) After receiving notice of the charges, Perez was appointed counsel substitute and attended a disciplinary hearing on July 9, 2008, during which he was found guilty of the offense. Perez filed Step 1 and Step 2 grievances contesting the disciplinary conviction. (Disciplinary Grievance R. at 1-4) In the response to his Step 2 grievance, Perez was informed that his case had been "modified to a code 22.0 charge with punishment assessed as a reprimand, S3-L1, and 30 days loss of good time." (*Id.* at 4) Perez subsequently filed this federal petition for writ of habeas corpus. Quarterman has filed an answer with supporting documentation, to which Perez has filed a reply.

D. GROUNDS

Perez claims prison officials violated the Constitution when they charged him with a crime that does not exist. (Petition at 7)

E. RULE 5 STATEMENT

Quarterman asserts Perez has failed to exhaust his claim as required by § 2254(b)(1)(A). A court may deny a petition on the merits notwithstanding a petitioner's failure to exhaust under § 2254(b)(2).

F. DISCUSSION

A state prisoner seeking federal habeas review pursuant to § 2254 must assert a violation of a federal constitutional right to be entitled to such relief. *Lowery v. Collins*, 988 F.2d 1364, 1367 (5th Cir. 1993). To the extent the disciplinary proceeding resulted in the reduction in line class

2

status, no protected liberty interest is implicated. *See Malchi v. Thaler*, 211 F.3d 953, 958 (5th Cir. 2000); *Luken v. Scott,* 71 F.3d 192, 193 (5th Cir. 1995). Similarly, although a state prisoner who is eligible for release to mandatory supervision has a protected liberty interest in the loss of good time credits, Perez is not eligible for mandatory supervision due his conviction for sexual assault of a child. Thus, to the extent the disciplinary proceeding resulted in the loss of good time credits, no protected liberty is implicated. *See Madison v. Parker*, 104 f.3d 765, 768-69 (5th Cir. 1997).

Perez has failed to show that he has been denied a constitutionally protected interest.

## II.  RECOMMENDATION

Perez's petition for writ of habeas corpus should be DENIED.

## III.  NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions, and recommendation within ten (10) days after the party has been served with a copy of this document. The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until January 29, 2009. The United States District Judge need only make a *de novo* determination of those portions of the United States Magistrate Judge's proposed findings, conclusions, and recommendation to which specific objection is timely made. *See* 28 U.S.C. § 636(B)(1). Failure to file by the date stated above a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual finding or legal conclusion accepted by the

United States District Judge. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc op. on reh'g); *Carter v. Collins*, 918 F.2d 1198, 1203 (5th Cir. 1990).

## IV.  ORDER

Under 28 U.S.C. § 636, it is ORDERED that each party is granted until January 29, 2009, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation.  It is further ORDERED that if objections are filed and the opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ORDERED that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED January 8, 2009.

      /s/     Charles Bleil
CHARLES BLEIL
UNITED STATES MAGISTRATE JUDGE