IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

FEB - 3 2009

CLERK, U.S. DISTRICT COURT
By _____
        Deputy

| | | |
|---|---|---|
| JUAN GOMEZ PEREZ, | § | |
| | § | |
| Applicant, | § | |
| | § | |
| VS. | § | NO. 4:08-CV-661-A |
| | § | |
| NATHANIEL QUARTERMAN, | § | |
| DIRECTOR, TEXAS DEPARTMENT | § | |
| OF CRIMINAL JUSTICE, | § | |
| CORRECTIONAL INSTITUTIONS | § | |
| DIVISION, | § | |
| | § | |
| Respondent. | § | |

## O R D E R

Came on for consideration the above-captioned action wherein Juan Gomez Perez ("Perez") is applicant and Nathaniel Quarterman, Director, Texas Department of Criminal Justice, Correctional Institutions Division, is respondent. This is an application for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254.[1] On January 8, 2009, the United States Magistrate Judge issued his proposed findings, conclusions, and recommendation ("FC&R"), and ordered that the parties file objections, if any thereto, by

---

[1] Applicant refers to his application as "petition" and to himself as "petitioner." Consistent with the language of 28 U.S.C. § 2254, the court uses the terms "applicant" and "application" instead of "petitioner" and "petition."

January 29, 2009. Perez timely filed his objections, and respondent made no further response.

In accordance with 28 U.S.C. § 636(b)(1) and Rule 72 of the Federal Rules of Civil Procedure, the court makes a <u>de novo</u> determination of those portions of the proposed findings, conclusions, and recommendation to which specific objection is made. <u>United States v. Raddatz</u>, 447 U.S. 667, 673-75 (1980). The court need not address any nonspecific, frivolous, or conclusory objections. <u>Battle v. United States Parole Comm'n</u>, 834 F.2d 419, 421 (5th Cir. 1987).

In his application, Perez challenges a 2008 disciplinary proceeding that resulted in a reduction in his class status and a loss of ninety days' good time credit. The magistrate judge recommended that Perez's application be denied because he fails to assert a violation of a constitutionally protected interest.

Although Perez provides a lengthy document in response to the FC&R, and makes two objections, neither of his objections, nor anything else in the document, specifically responds to the magistrate judge's conclusion that he has failed to assert a violation of a constitutionally protected interest. As Perez's arguments include no specific objection to the magistrate judge's

finding, the court need not consider them. See Battle, 834 F.2d at 421.

Therefore,

The court accepts the findings, conclusions, and recommendation of the magistrate judge and ORDERS that the application of Perez for writ of habeas corpus pursuant to 28 U.S.C. § 2254 be, and is hereby, denied.

SIGNED February 3, 2009.

JOHN McBRYDE
United States District Judge